IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KELVIN L. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-023 |
| | ) | |
| AUGUSTA RICHMOND COUNTY | ) | |
| FIRE DEPARTMENT; CHIEF | ) | |
| ANTONIO BURDEN; and DAVID YOUNG, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above captioned case. Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*). Plaintiff has complied with the Court's prior order to file an amended complaint. (See doc. no. 4.)

**I.    Screening the Amended Complaint**

  **A.    Background**

Plaintiff lists "Augusta Richmond County Fire Department Chief Antonio Burden" as Defendant(s).[1] (Doc. no. 5, p. 1.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

---

[1] It is not entirely clear whether Plaintiff names Chief Burden in his official capacity as the head of the Augusta Richmond County Fire Department, if he names the Augusta Richmond County Fire Department as the sole Defendant and included Chief Burden because the complaint form asks for a job title associated with the Defendant, or if he is attempting to sue the Augusta

Plaintiff is an African-American with diabetes who works as a building maintenance technician for the Augusta Richmond County Fire Department. (Id. at 4.) He has over thirty years of experience and is able to perform the tasks required of him. (Id. at 6.) Starting in May of 2024, his supervisor, Sgt. David Young, denied Plaintiff access to the interior of buildings on which he worked so that he could take necessary bathroom and cooling breaks. (Id. at 5-6.) When Plaintiff did not have access to a bathroom, he was forced to use a paint bucket, and if he soiled himself and had to go home to change clothes, Sgt. Young told Plaintiff the time away counted as his break time. (Id. at 6.) After Plaintiff complained about his work conditions, Sgt. Young harassed Plaintiff by giving him a tainted drink, failing to follow safety protocols that resulted in injury to Plaintiff, and requiring Plaintiff to use his personal tools to complete assigned tasks. (Id. at 7.) A white co-worker with diabetes holding an identical position to that of Plaintiff is allowed inside-access to buildings and does not have to use his personal tools to do his job. (Id. at 6-7.)

With check marks on the complaint form, Plaintiff alleges racial discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and failure to accommodate his diabetes disability under the Americans with Disabilities Act ("ADA"). (Id. at 4.) Plaintiff also alleges violations of the Occupational Safety and Health Administration ("OSHA") rules, as well as city administrative rules. (Id. at 6-7.) Plaintiff attached his notice of right to sue letter dated November 6, 2024, but not his actual charge filed with the Equal Employment Opportunity Commission. (Id. at 9.) Plaintiff filed this case on February 3, 2024. (See doc. no. 1.) As relief, Plaintiff seeks to be assigned a different supervisor than Sgt. Young, to have disciplinary

---

Richmond County Fire Department and Chief Antonio Durden as two separate Defendants. (Cf. doc. no. 5, p. 1 with p. 2 with p. 3.)

action taken against Sgt. Young, and to be awarded monetary damages.  (Doc. no. 5, p. 8.)

**B.      Discussion**

      **1.      Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  The amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain

statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff No Longer Names Sgt. Young as a Defendant

As the Court previously explained, (doc. no. 4, p. 6), Plaintiff's amended complaint supersedes and replaces in its entirety the previous pleading filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016). Plaintiff originally named David Young as a Defendant. (See doc. no. 1, pp. 1, 2.) Although Plaintiff's amended complaint describes actions taken by Sgt. Young, Plaintiff no longer names him as a Defendant. (See generally doc. no. 5.) Dismissal of David Young is therefore appropriate. See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); see also Albra v. Advan, Inc., 490 F.3d 826, 830 (11th Cir. 2007) (*per curiam*) (explaining there is no individual liability for Title VII or ADA violations).

### 3. Plaintiff Fails to State a Valid Claim for Relief Based on an OSHA Rule or City Administrative Rules

Plaintiff cites to an OSHA rule and city administrative rules in support of his discrimination claims, (id. at 6-7), but such alleged violations do not form the basis for their own stand-alone claims. While workers may request the Secretary of Labor inspect a

4

workplace when a suspected OSHA violation has occurred, the law does not support a private right of action for an OSHA violation. See Owens v. Perdue Foods LLC, Civ. Act. No. 5:20-cv-00307, 2021 WL 2323718, at *1 (M.D. Ga. June 7, 2021) (citing collection of circuit cases for established proposition "OSHA violations do not themselves constitute a private cause of action for breach"). Likewise, as Plaintiff has not alleged he has a contract for a definite term of employment, he is an at-will employee, and therefore, neither "employment manuals nor other written information dispensed by an employer . . . create contractual obligations the breach of which could give rise to a cause of action." Nevilles v. Waffle House, Inc., Civ. Act. No. 1:19-cv-5782, 2021 WL 12312823, at *20 (N.D. Ga. Dec. 8, 2021) (citations omitted), *adopted by* 2021 WL 12312781 (N.D. Ga. Dec. 29, 2021).

Thus, to the extent Plaintiff's amended complaint attempts to raise stand-alone claims based on alleged violations of an OSHA rule or city administrative rules, such claims should be dismissed for failure to state a claim.

## II.   Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant David Young, as well as any stand-alone claims based on alleged violations of an OSHA rule or city administrative rules, be **DISMISSED**. By separate Order, the Court has directed service of process for Plaintiff's Title VII and ADA claims.

SO REPORTED and RECOMMENDED this 4th day of March, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5