IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KELVIN L. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-023 |
| | ) | |
| AUGUSTA RICHMOND COUNTY | ) | |
| FIRE DEPARTMENT; CHIEF | ) | |
| ANTONIO BURDEN; and DAVID YOUNG, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 13, pp. 8-9.[1]) The Magistrate Judge recommended dismissal of Defendant David Young, as well as any stand-alone claims based on alleged violations of an Occupational Safety and Health Administration ("OSHA") rule or city administrative rules. (See doc. no. 8.) The Magistrate Judge explained dismissal of Defendant Young is warranted because he was not listed as a defendant in the first amended complaint and also cited Eleventh Circuit case law explaining there is no individual liability under Title VII of the Civil Rights Act of 1964 ("Title VII") or

---

[1] Plaintiff's objections and second amended complaint were submitted together as an omnibus document, and docketed once as the second amended complaint, (doc. no. 12), and once as objections, (doc. no. 13).

the Americans with Disabilities Act ("ADA").[2] (Id. at 4.) By separate Order, the Magistrate Judge directed service of process on Plaintiff's employer based on allegations of racial discrimination under Title VII and failure to accommodate his diabetes disability under the ADA.

Plaintiff's objections emphasize Defendant Young is his immediate supervisor whom Plaintiff alleges carried out the alleged discriminatory actions, (doc. no. 13, p. 8), and the proposed second amended complaint places Defendant Young back in the list of named Defendants, while otherwise re-stating substantially similar allegations forming the basis of the claims in the first amended complaint, (see doc. no. 12). Moreover, even though the Magistrate Judge only recommended dismissal of any stand-alone claims based on city administrative rules because Plaintiff did not allege he has a contract for a definite term of employment, (doc. no. 8, pp. 4-5), Plaintiff objects that he does not need a contract for a definite term of employment or a specific contract with his employer to bring a Title VII and/or ADA claim, (doc. no. 13, p. 8). Plaintiff concludes his objections by attempting to change the amount of damages requested in his complaint form and arguing he has raised a valid discrimination claim under the ADA. (Id. at 8-9.)

Nothing in Plaintiff's submissions in response to the March 4, 2025 Report and Recommendation changes the analysis regarding dismissal of Defendant Young and certain stand-alone claims as described above. First, the dismissal of Defendant Young does not remove the allegations against him as a basis for Plaintiff's alleged discrimination. Rather, the dismissal simply conforms with Eleventh Circuit case law regarding the proper Defendant in

---

[2]In the Order directing Plaintiff to file his first amended complaint, the Magistrate Judge also explained both the ADA and Title VII provide for employer liability, not individual liability. (Doc. no. 4, p. 5 (collecting cases).)

2

an employment discrimination case. The Magistrate Judge relied on the description of Defendant Young's actions in determining Plaintiff had arguably stated valid discrimination claims. Service of process has been ordered on Plaintiff's employer, and the Title VII and ADA discrimination claims outlined in the Magistrate Judge's Order shall proceed in the normal course.[3] Thus, an amendment attempting to return Defendant Young to the list of Defendants is futile. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'") (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (*per curiam*)).

Second, Plaintiff provides nothing to undermine the analysis that there is no private right of action for an OSHA violation or that Plaintiff, as an at-will employee, has no claim based on city administrative rules in an employment manual. The Magistrate Judge did not determine Plaintiff needed an employment contract to proceed with the Title VII or ADA claims, and indeed, those claims are proceeding as described herein. Finally, Plaintiff's attempt to amend his request for damages in his objections is improper and further confuses the state of pleadings beyond the attempt to file a second amended complaint in an omnibus document raising objections to the March 4, 2025 Report and Recommendation.

Accordingly, the Court **OVERRULES** the objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DISMISSES** Defendant Young, as well as any stand-alone claims based on alleged violations of an OSHA rule or city administrative rules. The operative pleading is currently the first amended complaint docketed

---

[3]Indeed, the docket reflects the United States Marshal is in the process of effecting service. (See doc. nos. 10-1, 10-2, 10-3, 11, 14.)

3

on February 18, 2025. (Doc. no. 5.) Should Plaintiff want the Court to consider a second amended complaint, he should do so in accordance with Federal Rule of Civil Procedure 15 and provide a proposed amended pleading which includes all of his claims – without naming Defendants or repeating claims which the Court has already determined are not viable – in one document. That one document should not include any other unrelated filings.

SO ORDERED this ___1st___ day of ___April___, 2025, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA